■ In the Matter of KIM MARIE J. ROCKLAND COUNTY DEPARTMENT OF SOCIAL SERVICES, Respondent; NANCY V. Appellant.—In a proceeding pursuant to article 6 of the Family Court Act, commenced by the Department of Social Services of Rockland County, the mother appeals from two orders of the Family Court, Rockland County, (1) one entered May 15, 1975, which,

after a hearing, determined that the child had been permanently neglected and (2) one entered June 3, 1975, which, *inter alia,* placed the child with the Department of Social Services for the purpose of adoption by the foster family with whom the child had resided. Permission for taking the appeal from the order entered May 15, 1975, is hereby granted. Orders modified, on the law and the facts, by deleting therefrom the provisions which adjudge the infant to be a permanently neglected child and substituting therefor provisions that there are extraordinary circumstances here which affect the welfare of the child and which justify the termination of parental custody. As so modified, orders affirmed, without costs or disbursements. In *Matter of Bennett v Jeffreys* (40 NY2d 543, 549) it was said that "if there is first a judicial finding of * * * neglect * * * or other equivalent but rare extraordinary circumstance which would drastically affect the welfare of the child * * * the courts may then proceed to inquire into the best interest of the child and to order a custodial disposition on that ground." On an examination of this record, which includes multiple hearings, we conclude that the orders should be modified as indicated above. The problems inherent in the mother's life, the difficulties attending her attempts to visit her child, the emotional condition of the child, as stated by a psychiatrist, and the fact that the child has benefited physically, mentally and emotionally from foster care by the family seeking to adopt her (she had been placed with the family in Jan., 1971), all make it clear that the extraordinary circumstances here present not only justify, but require an examination by the court into the best interests of the child and an order of disposition placing custody of the child with the Department of Social Services for adoption on that ground (see *Matter of Bennett v Jeffreys, supra,* p. 550). As was also stated in *Bennett* (p 550), "the psychological trauma of removal [from the foster home] is grave enough to threaten destruction of the child." This is such a case. Damiani, J. P., Shapiro, Mollen and O'Connor, JJ., concur.